UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ALEX ARIAS,

                              Plaintiff,

   -against-                                        REPORT AND
                                                      RECOMMENDATION

                                                      CV-04-756 (DRH) (ETB)

CRAIG BROOKS, et al.,

                              Defendants.
------------------------------------------------------------------x

TO THE HONORABLE DENNIS R. HURLEY, UNITED STATES DISTRICT JUDGE:

The pro se plaintiff, Alex Arias ("plaintiff" or "Arias"), brings this action against the New York State Division of Parole, Nassau Office, and two Nassau County Parole Officers, Craig Brooks and Edwin Narcisse (collectively, "defendants"), alleging a violation of his civil rights under 42 U.S.C. § 1983.

This action commenced with the filing of the complaint on February 19, 2004. (Pl.'s Compl.) The plaintiff also filed a motion for leave to proceed in forma pauperis on February 19, 2004. The plaintiff alleges that the defendants illegally seized and detained him for approximately forty days, based on the parole office's failure to provide the plaintiff with his necessary parole documents. (Pl.'s Am. Compl. at 3.) On March 15, 2004, Judge Hurley issued a memorandum and opinion granting the plaintiff's motion to proceed in forma pauperis, but dismissing the complaint with prejudice with leave to amend within thirty days of the date of the order. (Memorandum and Opinion by Judge Hurley, dated March 15, 2004.) On April 14, 2004, the plaintiff filed a motion for an extension of time to amend the complaint, and the motion was granted by Judge Hurley on April 20, 2004, in an order stating that "further extensions will not be granted absent extraordinary

1

circumstances." (Order by Judge Hurley, dated April 20, 2004.) The plaintiff filed his amended complaint on May 12, 2004, and the defendants filed their answer on July 30, 2004. The plaintiff subsequently sent a letter to the Court dated July 12, 2004, notifying the Court of a change of address.

By order dated July 7, 2004, an initial conference was scheduled before the undersigned on October 5, 2004, at which the plaintiff appeared. At the conference, a scheduling order was issued by the undersigned, setting the date for completion of discovery as March 30, 2005. Additionally, at the October 5 conference, plaintiff was ordered to submit to a deposition during the weeks of January 10, 2005, or January 17, 2005. (See Order by the undersigned, dated October 5, 2004.) A final conference was scheduled for April 13, 2005. (Id.)

On April 4, 2005, I received a letter from the defendants dated March 31, 2005, requesting that the Court dismiss this action based on plaintiff's failure to attend his Court-ordered deposition, as well as his failure to conduct discovery and to make his whereabouts known. (Letter from Anne C. Leahey to the undersigned, dated March 31, 2005.) The defendants state that after the conference before the undersigned on October 5, 2005, the parties orally agreed that the plaintiff's deposition would be conducted on January 20, 2005, at the offices of the Attorney General in Hauppauge. (Id. at 1.) Defendants attempted to confirm the deposition by mailing letters to the plaintiff at the address he had provided defendants. (Id.) These letters were returned to defendants as unclaimed. (Id.) Additionally, defendants' investigator attempted to locate the plaintiff at three different addresses that plaintiff had used at one time. (See Affidavit by Jonathan H. Tisk, dated February 1, 2005.) The plaintiff could not be located at any of these addresses, and the mail sent to these addresses was all returned. (Id.)

Federal Rule of Civil Procedure 41(b) permits a defendant to move for dismissal of an

action where the plaintiff has failed to prosecute the action, or has failed to comply with court orders or the Federal Rules of Civil Procedure. Rule 41(b), Fed. R. Civ. P. There has been no discovery conducted with respect to this action, despite defendants' repeated attempts to contact plaintiff. It is the plaintiff's obligation to inform the court of any changes of address. See Hibbert v. Apfel, No. 99-4246, 2000 U.S. Dist. LEXIS 9791, at *1 (S.D.N.Y. July 17, 2000) (granting defendant's motion to dismiss pursuant to Fed. Rule Civ. P. 41(b) for plaintiff's failure to make any contact with the court or defendant, failure to respond to attempts to contact her, failure to respond to court orders, and failure to provide the court with a change of address). Plaintiff's unknown whereabouts and failure to communicate, coupled with the failure to comply with discovery obligations, is evidence of the plaintiff's abandonment of this action. Accordingly, plaintiff's case should be dismissed without prejudice.

## RECOMMENDATION

This action should be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute and failure to comply with the orders of the court.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e) and 72(b); IUE AFL-CIO Pension Fund v. Herrmanm, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822 (1994); Frank v. Johnson, 968 F.2d 298 (2d Cir. 1992), cert. denied, 506 U.S. 1038 (1992); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Defendants' counsel is directed to serve a copy of this report on all parties upon receipt.

SO ORDERED:

Dated: Central Islip, New York
April 15, 2005

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge